J-S29005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J P MORGAN CHASE BANK, NA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUIS J. LAMANNA A/K/A LOUIS JOHN LAMANNA (REAL OWNER AND MORTGAGOR) AND MELISSA ANNE LAMANNA (REAL OWNER) AND UNITED STATES OF AMERICA | |
| APPEAL OF: LOUIS J. LAMANNA AND MELISSA ANNE LAMANNA | No. 819 WDA 2014 |

Appeal from the Order Entered April 17, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): MG 11-000682

BEFORE: PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J. **FILED JULY 08, 2015**

Appellants, Louis J. Lamanna and Melissa Anne Lamanna, appeal from the order that granted summary judgment to Appellee, J P Morgan Chase ("Morgan"), NA, on its action in foreclosure. The Lamannas argue that the status of Morgan as owner of the mortgage is an unresolved question of material fact. After careful review, we conclude that this question is not material to the legal basis of the trial court's decision, and therefore affirm.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] Morgan has also filed a motion to dismiss the appeal as moot. In this motion, Morgan asserts that the property has been sold at sheriff's sale, with
*(Footnote Continued Next Page)*

Other than the current ownership of the mortgage, the essential facts of this appeal are not in dispute. Louis Lamanna borrowed $1.5 million from Washington Mutual Bank, FA in 2007 to purchase a residential property located at 1037 Hulton Road, Oakmont, PA ("the property"), and executed a mortgage in favor of Washington Mutual securing the property as collateral for the loan. Shortly thereafter, Louis Lamanna conveyed the property to himself and his wife, Melissa Anne Lamanna.

Several years later, Louis Lamanna stopped making required payments on the loan, and in 2011, Morgan filed the instant action in foreclosure. Morgan subsequently filed a motion for summary judgment, which the trial court granted. This timely appeal followed.

On appeal, the Lamannas argue that Morgan is not the assignee of the mortgage, and that presumably, Morgan therefore does not have standing to prosecute this foreclosure action. *See* Appellant's Brief, at 11. This Court has held that, under the UCC, a debtor does not have standing to challenge defects in the chain of possession of a valid note. *See JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa. Super. 2013). This is due to the fact that such a debtor's liability under the note is completely

*(Footnote Continued)* ————————————

Morgan being the only bidder. As such, Morgan contends, this Court can provide no remedy to the Lamannas. We decline to reach this issue, as we conclude that no relief is due on the Lamannas' sole issue on appeal.

discharged by paying the holder, even if another party is ultimately determined to be the real party in interest.  **See *id*.**, at 1265.

Here, the Lamannas do not challenge the validity of the underlying note or mortgage.  The Lamannas appear only to argue that Morgan has not established that it is the real party in interest.  **See** Appellant's Brief, at 11. Under **Murray**, the Lamannas do not have standing to raise this challenge. We therefore conclude that the Lamannas' sole issue on appeal merits no relief.

Order affirmed.  Motion to dismiss denied as moot.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2015

- 3 -